Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 336 | **DATE** | April 21, 2011 |
| **CASE TITLE** | Blakes, et al. v. Illinois Bell Telephone Company d/b/a AT&T Illinois | | |

**DOCKET ENTRY TEXT**

Defendant Illinois Bell Telephone Company's Motion for Pre-Conditional Certification [30] is denied. Plaintiffs have until April 22, 2011, to file their motion for judicially supervised notice under 29 U.S.C. § 216(b). Defendant has until May 13, 2011, to file its response to Plaintiffs' motion for judicially supervised notice and is granted leave to file a response in excess of 15 pages. Plaintiffs have until May 20, 2011, to file a reply thereto. Status hearing scheduled for April 27, 2011, is rescheduled for June 3, 2011, at 11:00 a.m. in courtroom 1944D.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

In this putative collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Plaintiffs allege that defendant Illinois Bell Telephone Company ("AT&T") failed to properly compensate its cable-wiring installers for overtime work. On April 1, 2011, this court granted Plaintiffs' request to file their oversized "Motion and Memorandum in Support of Judicially Supervised Notice Under 29 U.S.C. § 216(b)." In support of the motion, Plaintiffs submitted declarations from the seven named plaintiffs attesting to the substantial similarity of the putative class members. AT&T now seeks permission to depose the named plaintiffs before briefing its response to the motion for judicially supervised notice.

Although the Seventh Circuit has not specifically endorsed any particular criteria for determining whether employees are similarly situated, it has acknowledged that this court—and others around the country—follow a two-step procedure for certifying collective actions under the FLSA. *See Ervin v. OS Restaurant Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011); *Rottman v. Old Second Bancorp, Inc.*, 735 F.Supp.2d 988, 990 (N.D. Ill. 2010). First, as long as the plaintiffs make a "minimal showing" that other potential class members are similarly situated the court will conditionally certify the class and allow the plaintiffs to issue an opt-in notice. *Jirak v. Abbott Labs., Inc.*, 566 F.Supp.2d 845, 847-48 (N.D. Ill. 2008). Allegations in the pleadings coupled with the named plaintiffs' affidavits can suffice to meet the lenient first-stage evidentiary requirement. *See Aon Corp. Wage & Hour Emp't Practices Litig.*, No. 08 CV 5802, 2010 WL 1433314, at *4 (N.D. Ill. April 8, 2010). The second step "occurs after the parties have engaged in discovery and the opt-in process is completed." *Jirak*, 566 F.Supp.2d at 848. At that point the court reevaluates the conditional certification with a more searching eye to ensure that there is sufficient similarity between the named and opt-in plaintiffs. *Id.*

AT&T acknowledges that this court's procedure allows for conditional certification and notice before the parties have engaged in discovery. Nonetheless, AT&T argues that this court should delay ruling on Plaintiffs' motion for judicially supervised notice for three months and allow it to depose the seven named plaintiffs in an attempt

## STATEMENT

to show that they are not similarly situated to each other or to the putative class members. AT&T argues that pre-conditional certification discovery is appropriate in this case because AT&T believes it will expose the named plaintiffs' lack of personal knowledge for their assertions regarding the class members' similarity. But that argument goes to the reliability of the declarations, and this court has said at the conditional certification stage that "the veracity of the affiants' statements is an issue for another day." *Russell v. Illinois Bell Tel. Co.*, 575 F.Supp.2d 930, 937 (N.D. Ill. 2008). Nor are the depositions necessary, as AT&T asserts, to flesh out the parameters of the complained-of policy at this stage, because "the existence of a common policy or plan . . . is not the alpha and omega" in the question whether members of a particular group are similarly situated. *Persin v. Careerbuilder, LLC*, No. 05 CV 2347, 2005 WL 3159684, at *2 (N.D. Ill. Nov. 23, 2005). Rather, the plaintiff "need only demonstrate a factual nexus that binds potential members of a collective action together." *Gromek v. Big Lots, Inc.*, 10 CV 4070, 2010 WL 5313792, at *2 (N.D. Ill. Dec. 17, 2010).

AT&T also argues that limited discovery at this stage will promote efficiency and save costs by allowing AT&T to demonstrate that the putative class members are not similarly situated before the gears of notification are set into motion. But as Plaintiffs point out, should their motion for judicially supervised class notification be granted, they will bear the expenses of notification. And nothing prevents AT&T from submitting along with its response affidavits from other putative class members showing that their job duties or conditions are materially dissimilar from those of the named plaintiffs. *See Rottman*, 735 F.Supp.2d at 990. AT&T asserts that it can disprove a common policy regarding lunch breaks through GPS data and seeks more time to cull that data from its own GPS system. But AT&T has been on notice of the claimed common policy since the complaint was filed three months ago. It could have analyzed that data in anticipation of Plaintiffs' motion instead of waiting until after that motion was filed. In any event, AT&T has not explained how any marginal gains in efficiency that might stem from allowing the requested delay would outweigh the potential detriment of the statute of limitations eroding and contact information becoming obsolete while discovery unfolds.

That the court finds it inappropriate to veer outside this district's procedural norms for conditional certification under the FLSA does not mean, as AT&T suggests, that the decision whether to grant conditional certification is a matter of rubber-stamping. AT&T remains free to submit whatever evidence it has—including oppositional affidavits—in support of its response to Plaintiffs' motion for conditional certification. Plaintiffs, in turn, will be held to the requisite modest showing of substantial similarity. In objecting to AT&T's request for discovery, they have assumed the risk that their declarations and allegations will be adequate to push them past the conditional certification stage.