# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 336 | **DATE** | May 9, 2012 |
| **CASE TITLE** | Blakes et al vs. AT&T Corp | | |

**DOCKET ENTRY TEXT**

Status hearing held and continued to June 12, 2012, at 11:00 a.m. Parties identified outstanding written discovery issues. The court heard oral arguments and ruled on these issues as detailed below. At the next status hearing, parties to report on the status of oral discovery. Parties will also be expected to provide the court with a schedule to complete all fact depositions.

■[For further details see text below.]    Notices mailed by Judicial staff.

02:05

## STATEMENT

The following is a summation of the outstanding written discovery issues raised during today's status hearing and the court's rulings on these issues:

**Issues Raised by Plaintiffs**

1. Plaintiffs requested to have Defendant provide its National Cable Activity Log ("NCAL") in Excel. Defendant responded that it has produced the NCAL log in its native format and to provide the information in Excel would be unduly costly and burdensome. Pursuant to the requirements of the court's standing order on ESI, parties are to have their respective ESI representatives confer concerning the feasibility and the burden of having this log produced in Excel by May 18, 2012.

2. Plaintiffs requested to have permission to personally inspect Defendant's mechanized time reporting system and to videotape the inspection. This request is denied. Plaintiff is permitted to depose someone familiar with the time reporting system and its functions. Plaintiff may also request that the designated deponent appear for the deposition with a copy of the system and provide a demonstration during his/her deposition in response to questions. This deposition must be scheduled by no later than June 8, 2012.

3. Plaintiffs requested to have Defendant provide the start and end time, understood by Defendant as the shift start and end time, for the named Plaintiffs. Defendant has agreed to provide this information. Defendant is ordered to supplement its document production to include this information by June 8, 2012.

4. Plaintiffs objected to Keith Harn's verification of Defendant's answers to Plaintiffs' interrogatories. Objection is overruled. The verification itself serves as a stipulation, and Defendant agreed on the record, that the

| STATEMENT |
|---|

interrogatory answers are binding on Defendant.

5. Plaintiffs requested to have Defendant supplement its response to Request for Production of Document # 31. Based on the agreement reached by the parties in open court, Plaintiffs are ordered to provide Defendant with a letter identifying the garage sites for which they are seeking computer terminal information by May 18, 2012, and Defendant is ordered to respond to this letter with the number of terminals available at each subject garage by June 8, 2012.

6. Plaintiffs requested to have Defendant supplement its response to Request for Production of Document ## 2, 17-19. Plaintiffs' objections over Defendant's answers are overruled. Defendant's previously served answers to stand.

7. Plaintiffs requested to have Defendant supplement its response to Interrogatory #8. Defendant is ordered to amend its answer to Interrogatory # 8 to include information pertaining to lawsuits, grievances and arbitrations filed against Illinois Bell Telephone Company related to allegations of wage violations from January 2006 to present. Defendant is ordered to provide this supplemental production by June 8, 2012.

**Issues Raised by Defendant**

1. Defendant requested the court to issue certain deadlines. The request is granted to the extent that the parties are encouraged to begin oral discovery as soon as possible and that they must schedule the deposition of 18 Opt-Ins identified by Defendant and the three depositions contemplated by Plaintiffs by no later than June 8, 2012.

2. Defendant requested that Opt-In Gary Denny respond to its written discovery requests within 30 days. The request is granted and Denny is ordered to provide Defendant with his discovery responses by June 8, 2012

3. Defendant requested that Plaintiffs produce responsive records if they are available prior to the anticipated depositions. Plaintiffs and Defendant designated Opt-Ins are ordered to verify in writing that they have provided Defendant with all documents in their possession and control responsive to discovery requests or provide the responsive documents by no later than June 8, 2012.