UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Blakes, *et al.*, on behalf of themselves and similarly situated others,<br>Plaintiffs,<br>v.<br>Illinois Bell Telephone Co., dba AT&T Illinois,<br>Defendant. | 11 C 336<br><br>Magistrate Judge Kim<br><br>On Consent |

**Plaintiffs' Motion to Compel Compliance with Discovery**

Plaintiffs, James Blakes, *et al.*, by and through their attorneys, Aaron B. Maduff and Walker R. Lawrence of Maduff & Maduff, LLC, move this Court to compel Defendant to comply with Plaintiffs' written discovery requests, and in support thereof state as follows:

**Introduction**

1. Written discovery was served in this case in August of 2011, nearly a year ago. Depositions began in this case on August 23, 2011, with Plaintiff Herman Deckys. Defendants have continuously used documents in these depositions which were not previously provided to counsel. In the spirit of local rule 37.2, Plaintiffs counsel has repeatedly attempted to address this problem, with Defense counsel, but to no avail.

2. When the issue has been brought up in the course of depositions defense counsel has responded with comments like "MR. STOHNER: Walker, with all due respect, I don't accept anything that you represent in regard to discovery, okay." (Dep. Steven Clark page 327, ll. 18-20), or "I don't produce documents" (Dep. David McKey).

3. Meanwhile, Defendant continues to produce documents at the last possible moment (e.g. documents relating to David McKey were produced on July 5, 2012, just two business days before his deposition) in spite of the fact that counsel obviously has the documents because

documents with highter bates numbers have already been produced. (The documents counsel has so far provided are Bates numbered, but with significant gaps as detailed below.) In spite of discussions in depositions, after depositions, emails, and letters, Defendant appears to be withholding documents and producing them at the last possible moment.

## Procedural Background

4. Plaintiffs issued written discovery in August of 2011, which included discovery directed toward discovery plaintiffs.

5. Pursuant to an agreement of the parties, Defendants were to respond to discovery by September 23, 2011 for the named Plaintiffs.

6. Discovery as to the collective itself was limited to opt-in Plaintiffs designated as representatives for discovery purposes, hereinafter "discovery plaintiffs". (See order of 12/1/11).

7. Sixteen of the 18 discovery plaintiffs were identified on January 6, 2012.

8. Plaintiffs counsel provided responses to document requests and interrogatories for these discovery plaintiffs by March 9, 2012.

## Use of Non-Produced or Late Produced Documents in Deposition

9. Defendant has consistently used documents in deposition which it did not produce.

10. The following colloquy was had during the deposition of Steven Clark (p. 146:1 to 147:7):

```
                                  146
 1   MR. MADUFF:  I am going to object to the
 2   information on it that you have; stops 1 and 4 and
 3   stop 2 and stop 3.  I believe this is not
 4   information that you have given us or documents that
 5   you have given us prior to the deposition --
 6      MR. STOHNER:  It is.
 7      MR. MADUFF:  -- per our agreement.
 8      MR. STOHNER:  You have all the VTS -- you have
 9   all the VTS information.
10      MR. MADUFF:  Do we, Walker?
11      MR. STOHNER:  You have all of it.
```

```
12      MR. LAWRENCE:  My understanding is we have it
13   only with respect to Phillipe Porter.
14      MR. STOHNER:  No, you have it for all of them.
15      MR. LAWRENCE:  Maybe -- do you know what Bates
16   number it is?  Then that would solve this problem.
17      MR. STOHNER:  Let's go off the record.
18      THE VIDEOGRAPHER:  Going off the video record
19   at 1:46 p.m.
20          (WHEREUPON, discussion was had off
21            the record.)
22      THE VIDEOGRAPHER:  Back on the video record at
23   1:48 p.m.
24      MR. STOHNER:  Counsel has told me they have a

                               147
1   standing objection to my questions based upon what's
2   in this.  **We have produced this information as of**
3   **Monday regarding Mr. Clark**.  And the information I
4   am going to refer to, the demonstratives, relate to
5   NCAL information, JAM output information, and the
6   VTS.  You guys can quibble about it, but we produced
7   it.
```

11.     At the outset, even if the materials were produced (something which was disputed, Defense Counsel claims it was produced "as of Monday" in other words, three days earlier.

12.     When Plaintiffs counsel attempted to resolve the issue at the end of the deposition, Mr. Lawrence attempted to show Mr. Stohner the CD provided by Defense Counsel which allegedly contained the documents.  Defense Counsel cut him off:

```
17  MR. LAWRENCE:  I can show you a --
18     MR. STOHNER:  Walker, with all due respect, I
19  don't accept anything that you represent in regard
20  to discovery, okay.  So --
21     MR. LAWRENCE:  If we were --
```

13.     In the deposition of David McKey, taken by Defendant on July 11, 2012, Defendant again used documents it had produced only three business days earlier, July 5, 2012.

14.     Consistent with that pattern, Defendant produced more documents related to the timekeeping and JAMS system at 2:52 pm on July 11, 2012, less than four business hours before the 30(b)(6) deposition Plaintiffs are scheduled to take with regard to the JAMS program and more than two months after Plaintiffs took the 30(b)(6) deposition of Ellery Hunter on timekeeping

records.

15. Moreover, the deposition discovery plaintiff Patrick Chambers is set for Tuesday July 17 and for Robert Schilling for July 19. To date, Defendant has produced no documents with respect to these individuals save personnel files and electronic time records, and possibly pay records. This is of particular concern given that 90% of Mr. McKey's deposition revolved around the paper time sheets.

**Mismarked Documents**

16. Even the documents that were produced on July 5, 2012, some 288, were all Bates Numbered 14950 and 14951. Plaintiffs' counsel at first assumed this was an error.

17. However, the copies Defendant marked as exhibits in the deposition were bates numbered 14950 to 15238.

18. When this was brought to counsel's attention during the deposition, his response was "You're looking at your associate's computer" as though these were not the production though the computer had only the material provided by Defendant on DVD.

19. When Plaintiff's counsel asked that all documents be produced, Defense Counsel stated "I don't produce documents."

**Missing Documents**

20. Defendant has produced documents beginning with Bates Number "Illinois Bell 00001".

21. The highest Bates Number is "Illinois Bell 15405" which was produced on June 8, 2012.

22. But Defendant has produced no documents Bates numbered 010994 to 014612;

014783 to 014921; and 14951 to 15404.[1]

23. Defendant has produced personnel files for all discovery plaintiffs, some time records, and some MSOC's data, leading Plaintiffs to conclude that Defendant had provided all the material in its possession.

24. However, the missing documents, along with the fact that Defendant produced more material with respect Mr. McKey only days before his deposition, leads Plaintiff to conclude that documents are indeed being withheld.[2]

25. The types of documents that Defendant appears to have, but not to have produced with regard to discovery plaintiffs include:

    a.    Crew Training Reports (e.g., 14922 produced on July 5, 2012);

    b.    Employee Discipline report (e.g., 14923 produced on July 5, 2012);

    c.    Employee IAP report (e.g., 14924 produced on July 5, 2012);

    d.    Employee Job Visit report (e.g. 14925 produced on July 5, 2012);

    e.    Employee PAF report (e.g. 14926 produced on July 5, 2012);

    f.    Employee PIP report (e.g. 14927 produced on July 5, 2012);

    g.    Employee Quality report (e.g. 14928 produced on July 5, 2012);

    h.    Employee Pos Con Report (e.g. 14936 produced on July 5, 2012);

    i.    Employee Training Development (e.g. 14940 produced on July 5, 2012);

    j.    Employee MSOC Discussion Report (e.g. 14942 produced on July 5, 2012);

---

[1] Documents 15404 and 15405 were produced at 2:52 pm on July 11, 2012. The exhibits in the McKey deposition were documents 14950 to 15238. Thus, Plaintiffs' counsel now has those 288 pages (though not in electronic format), but it now appears that documents 15239 to 15403 are also being withheld.

[2] Indeed, Defendant produced more documents at 2:52 on July 11, 2012, as this motion was being drafted.

k. Employee Paper Time Records (e.g. 14950 produced on July 5, 2012);

l. Employee VTS Detail Report (e.g., 4799);

m. Employee Telogis Report (e.g. 14949 produced on July 5, 2012); and

n. Employee NCal information.

**Additional 37.2 Efforts**

26. In addition to addressing these concerns at depositions, counsel has also repeatedly addressed them before court calls and my telephone.[3]

27. Most recently, Mr. Lawrence sent a letter addressing the missing documents on July 9, 2012. (See Ex. A.)

28. Defense counsel responded that they had produced VTS data for Mr. McKey on July 5, 2012 and identified it as Bates Numbered documents 14949. That number however, was a Telogis Fleet Report. (See email exchange between Greg Abrams and Walker Lawrence attached hereto as Ex. B.)

29. In any event, Defense Counsel's general response was "We'll review your letter and be back to you." (That was Monday July 9, 2012.)

30. Defense counsel has not yet responded to that letter, though as just noted, they produced JAMS documents late in the afternoon on July 11, 2012 which had nothing to do with Mr. McKey, and which Plaintiff's counsel had no reason to believe existed.

31. Plaintiff provided Defendant an additional letter on July 11, 2012, demanding the

---

[3]Defense counsel has continuously insisted that it has produced all documents and when documents are received, Defendant has credibility that it has indeed produced all documents until new documents are produced once again immediately before depositions. This makes Rule 37.2 discussions difficult because each time Plaintiff believes Defendant that it has complied, it later becomes apparent that more documents have not been produced.

remaining documents before filing this motion. (Ex. C.)

## Conclusion

32. It is clear from the Bates numbers that numerous documents have not been produced.

33. To the extent that documents have been produced, Defendant has engaged in a consistent pattern of producing them at the last possible moment before relevant depositions, and in some cases long after relevant depositions.

34. It also appears that Defendant has intentionally mislabeled documents to hide the fact that they have been produced (as is evidenced by the fact that it correctly labels them for itself, but incorrectly bates numbers them when produced to Plaintiffs' counsel.)

35. The parties are now engaged in the process of conducting depositions of the discovery Plaintiffs. Those depositions were remarkably difficult to schedule and cannot be postponed to provide Defendants more time to produce documents that should have been produced in January of 2012 (more than six months ago) at the latest.

36. Meanwhile, efforts to resolve these issues informally have resulted in:

    a. Statements by Defense counsel that the documents have been produced when in fact more are consistently forthcoming shortly before or long after relevant depositions;

    b. Statements by Defense counsel like" I don't accept anything that you represent in regard to discovery," (Clark Dep. 327:18-20); "You're looking at your associate's computer;" and "I don't produce documents;" and

    c. Promises of future responses which are not fulfilled.

37. Plaintiffs are being severely prejudiced not only by being sandbagged in their own depositions with documents that Defendant has withheld, but by being provided relevant documents

only within days or even hours of taking depositions.[4]

WHEREFORE, Plaintiffs, James Blakes, *et al.,* respectfully request that this Honorable Court enter an order compelling Defendant to produce all documents responsive to discovery requests immediately whether related to individual discovery plaintiffs, the JAMS system, the MSOCs system or any other issue in this case. Plaintiffs further request that the Court bar Defendant from using any document in deposition (or for any other reason) that has not been produced at the earlier of July 18, 2012, or two full weeks prior to the deposition. Plaintiffs request that Defendant specifically identify which bates numbers apply to which discovery plaintiffs.

                                              Respectfully submitted,

                                              James Blakes, *et al.*

                                              By: /s/ Aaron B. Maduff
                                                       One of their attorneys

Aaron B. Maduff
Atty. No. 6226932
Walker R. Lawrence
Atty. No. 6296405
Maduff & Maduff, LLC
205 N. Michigan Ave., Suite 2050
Chicago, Illinois 60601
312/276-9000

---

[4] In fact, Plaintiffs may now need to reopen the 30(b)(6) timekeeping deposition of Ellery Hunter (taken on January 23, 2012) based on documents produced by Defendant on July 11, 2012, and may be unable to properly complete the 30(b)(6) deposition on JAMS set for July 12, 2012 for the same reason.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BLAKES, STEVEN CLARK, HERMAN DECKYS, BRADLEY HUNT, PHILLIPE PORTER, ERNEST ROBERTS, JR., LARRY WILLIAMS, for themselves and on behalf of similarly situated others,<br>Plaintiffs,<br>v.<br>ILLINOIS BELL TELEPHONE COMPANY d/b/a AT&T Illinois,<br>Defendant. | Case No. 11-cv-00336<br><br>Judge Manning<br><br>Magistrate Judge Kim |

## CERTIFICATE OF SERVICE

To:
    Ritu Srivastava    rsrivastava@morganlewis.com
    George A. Stohner    gstohner@morganlewis.com
    Gregory P Abrams    gabrams@morganlewis.com


By my signature below, I hereby certify that on Wednesday, July 11, 2012, I served via email the following documents to counsel of record.

1.    Plaintiff's Motion to Compel Compliance with Discovery

                            By: /s/ AARON B. MADUFF

Aaron B.Maduff
Maduff & Maduff, LLC
205 N. Michigan Ave, Suite 2050
Chicago, IL 60601
Phone 312-276-9000