# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 336 | **DATE** | November 19, 2012 |
| **CASE TITLE** | Blakes et al vs. AT&T Corp. | | |

**DOCKET ENTRY TEXT**

Defendant's motion for protective order [180] is granted. Discovery is now closed. Defendant has until December 28, 2012, to file its motion for decertification of this FLSA collective action. Plaintiffs also have until December 28, 2012, to file their motion for class certification of its IMWL claim. Parties have until January 31, 2013, to file their response to the motions and until February 15, 2013, to file a reply thereto.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

Defendant is entitled to a protective order. On September 25, 2012, Plaintiffs served Defendant with their third set of document requests and a notice for a Rule 30(b)(6) deposition. (R. 181-8 at 6-20, 22-23.) In their third set of document requests, Plaintiffs demand the following: (1) any and all evaluations for and documents pertaining to any bonuses or team awards given, awarded or paid to 38 first level supervisors and 22 managers identified in the requests since 2009; (2) any and all documents related to efficiency or productivity goals or expectations of the same 38 first level supervisors and 22 managers; (3) any and all documents relating to any guidelines or policies regarding bonuses or team awards for first level supervisors and for managers since 2008; and (4) any and all documents related to efficiency goals or expectations of each of the Plaintiffs (which by definition includes the named Plaintiffs and all of the opt-in Plaintiffs numbering over 360). (R. 181-8 at 14-19.) In their Rule 30(b)(6) deposition notice, Plaintiffs sought to depose a representative or representatives on the following subjects: (1) Defendant's process for evaluating the performance of its first level supervisors and managers since 2008; (2) Defendant's efficiency and productivity goals of first level supervisors and managers since 2008; (3) Defendant's policies and guidelines regarding bonuses and team awards that may be given or awarded to first level supervisors and managers since 2008; and (4) Defendant's calculation of such bonuses and team awards since 2008. (R. 181-8 at 22-23.) Defendant objects to these requests and asserts in its motion, among other things, that the information Plaintiffs seek is not relevant to the theories of liability they have identified in this case. The court agrees.

The court finds that the information Plaintiffs seek is not relevant to the claims or defenses and is also not necessary. Pursuant to Federal Rule of Civil Procedure 26(b)(1), Plaintiffs are entitled to obtain discovery that is relevant to claims and defenses. But even when the information sought through discovery is relevant, pursuant to Rules 26(b)(2)(C) and 26(c)(1), the court may limit the scope of such discovery or preclude such discovery where "the requesting party fails to show the need for the information." *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553 (N.D. Ill. 2008). Here, the court agrees with Defendant's position that the information Plaintiffs

**STATEMENT**

seek is not relevant. Back in June 2011, the court granted the named Plaintiffs' motion to pursue their FLSA claim as a collective action. In granting the motion, the court specified, based on the named Plaintiffs' FLSA allegations, that this case was about "unpaid lunch breaks and post-shift work completing time sheets." (R. 16.) As such, the pertinent issues are whether Plaintiffs worked through their lunch breaks, whether they spent time completing the required time sheets post-shift, and whether they were denied compensation in violation of FLSA. The information Plaintiffs now seek---performance evaluation factors that may have encouraged and motivated first level supervisors and managers to impose unreasonable efficiency goals for their subordinate cable splicers---is not relevant to resolve these issues. More specifically, one of the claims Plaintiffs assert in this case is that Defendant requires its cable splicers to complete work at two different sites in the course of an eight-hour shift. The theory goes that this unreasonable performance expectation pressured the cable splicers to eat lunch while they traveled from job site to job site in order to gain 30 additional unpaid minutes to meet this performance expectation. Plaintiffs do not need to fish for any information that may be useful to show *why* Defendant's first level supervisors and managers imposed such unreasonable performance expectations, because their motivation is not relevant to the pertinent inquiry in this case. *See Creeley v. HCR Manorcare, Inc.*, Nos. 3:09 CV 2879, 3:10 CV 417, 3:10 CV 2200, 2011 WL 3794142 (N.D. Ohio, July 1, 2011)("By contrast, the FLSA claims before this Court do not require an examination of the subjective intent behind millions of individual employment decisions; rather, the crux of this case is whether the company-wide policies, as implemented, violated Plaintiffs' statutory rights."). The common question that needs to be answered here is not *why* Defendant implemented unreasonable performance standards, but whether its company-wide policy of requiring cable splicers to complete work at two different job sites within the eight-hour shift violated their rights under FLSA. The focus must be placed on the policy that allegedly required employees to work without compensation. *See Ross v. Citizens*, 667 F.3d 900, 909 (7th Cir. 2012)(holding that in a class action wage claim, the intent behind the allegedly unlawful company-wide policy is not relevant). Accordingly, Defendant's motion for a protective order is granted.