# Exhibit JJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BLAKES, STEVEN CLARK, HERMAN DECKYS, BRADLEY HUNT, PHILLIPE PORTER, ERNEST ROBERTS, JR., LARRY WILLIAMS, for themselves and on behalf of similarly situated others,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS BELL TELEPHONE COMPANY d/b/a AT&T Illinois,<br><br>Defendant. | Case No. 11-cv-336<br><br>Hon. Judge Manning<br><br>Magistrate Judge Kim |

### Declaration of Juan Cordova

I, Juan Cordova, hereby submit this Declaration and state as follows:

1. I am currently employed by AT&T Services, Inc., as a Second-Level Global Customer Service Manager in Miramar, Florida. I have been in this position since Nov-2012.

1. I began working for AT&T or its predecessors in October 4, 1995. Before assuming my current position, I supervised First-Level Managers in the Roscoe garage from September 2009 to Nov-2012 as an Area Manager. I provided a previous declaration in connection with this lawsuit. I understand that certain allegations have since been raised in this lawsuit by Bradley Hunt ("Hunt") and Mark Rentschler ("Rentschler"). This declaration is meant to primarily address those allegations.

2. As an Area Manager at Roscoe garage, I indirectly supervised Hunt for about a year to a year-and-a-half. Hunt was out on disability leave for a good portion of the time that I supervised him.

   a. I never disciplined Hunt, or any Cable Splicer, for asking to be paid for overtime that was not pre-approved. I am not aware of any First-Level Manager disciplining

any technician for working and recording overtime that has not been preapproved. Both First-Level and Second-Level Managers are required to undergo training on the Fair Labor Standards Act, and we are told that we must pay technicians for the work they put down. Technicians also take a FLSA training and are told to record all of the time they work. If no overtime is being made available, technicians are not supposed to work any overtime without contacting his or her manager, but if they do work this time I understand that they are still required to be paid and have never told a technician otherwise.

        b.      If a technician does not call his or her manager for approval before working overtime, he or she is still required to report all that time, and he or she is required to be paid for that time. I have never told a technician otherwise.

        c.      I do recall one instance in either late-2009 or 2010 where Hunt stayed out on a job unauthorized. His shift started at 7:00 a.m. and was scheduled to end at 3:30 p.m. He worked until 1 a.m., and did not call to notify me or his first-level supervisor, Mr. Rick Wisser, that he was still working on a job he did not complete. I do not recall whether he was disciplined for staying out until 1 a.m. without notifying me or his first-level manager. Discipline is normally instituted by the first-level manager, and if Hunt were formally disciplined in this instance, Mr. Wisser and I would have had a meeting with Hunt and a union representative. I do not recall this happening.

        3.      Rentschler was a cable splicer who I indirectly supervised at the Roscoe garage as well. Although Rentschler occasionally complained about MSOC efficiency, he never informed me that he worked through his lunch or performed pre-shift or post-shift work to boost his efficiency numbers. No technician ever told me that he or she worked through his or her lunch

or preformed pre-shift or post-shift work to boost his or her efficiency numbers, nor am I aware of that happening.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and recollection.

Signature: _____  Date: 1/11/13

3