# Exhibit KK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BLAKES, STEVEN CLARK, HERMAN DECKYS, BRADLEY HUNT, PHILLIPE PORTER, ERNEST ROBERTS, JR., LARRY WILLIAMS, for themselves and on behalf of similarly situated others,<br><br>                Plaintiffs,<br>v.<br>ILLINOIS BELL TELEPHONE COMPANY d/b/a AT&T Illinois,<br><br>                Defendant. | Case No. 11-cv-336<br><br>Hon. Judge Manning<br><br>Magistrate Judge Kim |

### Declaration of Johnette Hardy

I, Johnette Hardy, hereby submit this Declaration and state as follows:

1. I am currently employed by AT&T Services, Inc. as an Engineering Scheduler in Joliet, Illinois. I have been in this position since 2010.

2. I started working for Illinois Bell in 2007 as a Field Manager in the Construction & Engineering ("C&E") Department. I have worked in two garages as a Field Manager: first, in Montgomery, Illinois and later at the 929 W. Cermak garage. I continued in that position until April 2010, when I became a C&E Engineering Scheduler. In my current role, I put jobs together when they are issued from engineering and assign the jobs to the various C&E groups.

3. While I was working as a Field Manager at the Cermak garage, I supervised cable splicers who did LVT work. Efran Arvizu ("Arvizu") and Ramsey Haynes ("Haynes") were two of the cable splicers that I supervised. I understand that certain allegations were raised in this lawsuit by Arvizu and Haynes. This declaration is meant to primarily address those allegations.

4. As part of my responsibilities as a Field Manager, I performed site visits. I conducted these inspections at different points throughout the day and on varying days of the

week. The site visits varied in length. I do not specifically recall seeing Arvizu eating food during one of my site visits, but it was not unusual to see technicians munching on food at any point throughout the day. The technicians are required to take an unpaid thirty minute lunch break, but they may also eat at additional points throughout the day at times other than when they are taking their lunch breaks. I do not know of Arvizu ever working through a lunch break without informing me. Nor did Haynes ever tell me that he worked through lunch.

5. When I was a Field Manager, I held daily morning meetings called "tailgate" meetings where I would go over the work assignments for the day, safety updates, work policies, and other relevant topics. At times, I would review timesheet expectations in a general manner with the technicians, such as aim to enter them daily, make sure you are closing out steps and allocating time appropriately. I did not "call out" technicians in tailgate meetings regarding unapproved overtime.

6. I never directed technicians to change their timesheets to eliminate unapproved overtime, nor did I ever change their timesheets myself to remove unapproved overtime.

7. If a technician had a performance issue, such as working unapproved overtime, I would speak to the technician individually. When I worked at the Cermak garage, I had an office where I could speak with technicians privately. There were a handful of technicians who worked overtime without calling for approval beforehand either before or after their shifts, but never during a lunch break. In every instance about which I am aware, I understood that they reported and therefore were paid for their time, and then they were coached on the need to seek supervisor approval before working the overtime.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and recollection.

*Johnette Hardy* 1-14-2013

3