IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Blakes, *et al.*, <br>                          Plaintiffs, <br>            vs. <br> Illinois Bell Telephone Company d/b/a <br> AT&T Illinois, <br>                          Defendant. | CASE NO. 11-cv-336 <br> Judge Kim <br> On Consent |

**<u>PLAINTIFFS' MOTION TO TOLL THE STATUTE OF LIMITATIONS</u>**

Plaintiffs, James Blakes, et al., by and through their attorneys, Aaron B. Maduff and Walker R. Lawrence of Maduff & Maduff, LLC, submit Plaintiffs' Motion to Toll the Statute of Limitations. In support thereof, the Plaintiffs state as follows:

On December 17, 2013, this Court issued a Memorandum and Order, wherein it granted, in part, and denied in part Defendant's Motion for Decertification. Specifically, this Court granted the Defendant's motion except to the Plaintiffs' claim that Illinois Bell's policies force cable splicers to forego pay for time spent submitted their time sheets. Because the decision keeps the collective intact, the order did not dismiss any plaintiff, but it did reduce the claims that the collective may pursue in this case.

In this regard, any one member of the collective might now have the right to re-file their respective claims. *Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010)("When a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs.) However, the Court's Memorandum and Order did not did not speak to the amount of time, if any, the Court would toll the statute of limitations for the those individuals to choose to pursue their respective claims. Decertification is not, and never has been, interpreted as a ruling on the merits. However, without an equitable tolling of the Opt-ins' statute of limitations, the Opt-ins will be prejudiced, insofar as the Court's ruling

could amount to a *de facto* determination on the merits of certain claims. Moreover, equitable tolling in this case is necessary to allow the parties to engage in settlement efforts consistent with the Court's order. Accordingly, Plaintiffs request that the Court equitably toll the statute of limitations for the Opt-ins to pursue their respective claims that are not part of this lawsuit for 90 days following the Court's entry of its order on the Defendant's motion for decertification.

The doctrine of equitable tolling allows a court to exercise its discretion to suspend the statute of limitations where, as here, it would be inequitable to enforce the statute of limitations. The doctrine applies to cases brought under the Fair Labor Standards Act ("FLSA") because the doctrine of equitable tolling ". . . is read into every federal statute of limitations." *Holmberg v. Ambrecht*, 327 U.S. 392, 397 (1946). See also *Partlow v. Jewish Orphans Home of Southern California, Inc.*, 645 F.2d 757 (9th Cir. 1981) (tolling limitations in an FLSA action and allowing Plaintiffs to re-file consents when Plaintiffs were dismissed from a collective action because the attorneys had unethically solicited consents).

Courts routinely apply equitable tolling in FLSA cases where decertification has been granted. In *Smith v. Heartland Automotive Services, Inc.*, 404 F.Supp.2d 1144, at n. 9 (D. Minn. 2005), in the court's order granting decertification, the court held that the "Order will be stayed for sixty days in order to toll any applicable statute of limitations." Similarly, in *Reyes v. Tex. EZPawn, L.P.*, 2007 U.S. Dist. LEXIS 1461 (S.D. Tex. Jan. 8, 2007), upon decertifying the collective action, the court tolled the statute of limitations for the dismissed plaintiffs for a period of 30 days "to avoid prejudice to individual opt-in Plaintiffs who may choose to file their own cases."

In *Proctor v. Allsups Convenience Stores, Inc.,* 250 F.R.D. 278 (N.D. Tex. 2008), upon decertifying the class, the court tolled the statute of limitations of dismissed plaintiffs for 30 days "to avoid prejudice to individual opt-in plaintiffs, who may choose to file their own cases." In *Johnson v. Big Lots Stores, Inc.,* 2008 U.S. Dist. LEXIS 123265 (E.D. La. July 24, 2008), the district court equitably tolled the statute of limitations for a period of 45 days following the entry of its order granting plaintiffs' motion to equitably toll the statute of limitations. See also, *Smith v. Heartland Auto. Servs.*, 404 F. Supp. 2d 1144, 1155 (D. Minn. 2005) (order was tolled for 60-days); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111 (N.D. Cal. 2011) (order was tolled for 30-days); *Ulvin v. Northwestern Nat'l Life Ins. Co.*, 141 F.R.D. 130 (D. Minn. 1991)(order was tolled for 60-days); *Johnson v. TGF Precision Haircutters, Inc.,* 2005 U.S. Dist. LEXIS 44259, 34-35 (S.D. Tex. Aug. 17, 2005)( "To avoid prejudice to individual opt-in Plaintiffs who may choose to file their own cases, the Court invokes its equity powers to toll the applicable statutes of limitations for 30 days after the entry of this Order. The claims of Plaintiff Celia Johnson remain pending herein for trial."); *Roussell v. Brinker Int'l, Inc.*, 2008 U.S. Dist. LEXIS 109663 (S.D. Tex. Nov. 4, 2008)(" Plaintiffs' Motion to Toll Statute of Limitations (Doc. No. 173) is hereby GRANTED. The Dismissed Opt-ins' statute of limitations is hereby tolled for the 45 days subsequent to the entry of the Court's Order of September 30, 2008. (Doc. No. 172.)"); *Zivali v. AT&T Mobility*, LLC, 2011 U.S. Dist. LEXIS 101084 (S.D.N.Y. June 2, 2011)(" the date of the Court's Opinion and Order. Courts routinely toll the statute of limitations following decertification of FLSA actions to avoid prejudice to the opt-in plaintiffs and allow them time to file their own case"); *Sliger v. Prospect Mortg.*, LLC, 2012 U.S. Dist. LEXIS 170701 (E.D. Cal. Nov. 29,

2012)("It is admittedly common for federal district courts to toll the statute of limitations for individual actions in granting decertification motions in collective actions under FLSA.")

Plaintiffs seek 90 days to toll the statute of limitations of the Dismissed Opt-ins for a number of reasons. First, the decision was issued almost a week before Christmas and it may be difficult to advise Opt-Ins of his or her rights until the beginning of the New Year. Ninety days is necessary because dissemination of the Court's ruling, consultation with the Opt-ins, and the decision-making regarding additional suits of the Opt-ins or motions to intervene of the Opt-ins will take more than 30 or 60 days. In addition, the Court has required the parties to discuss whether settlement may be possible, and exchange settlement letters. Equitable tolling will allow both parties to fully explore settlement possibilities without the threat of a running statute of limitations on those claims that are no longer part of the collective. Plaintiff has discussed this motion with the Defendant but has not received a response. Because there is potentially an eroding statute of limitations this motion was filed.

For the foregoing reasons, Plaintiffs respectfully move this Honorable Court to equitably toll the statute of limitations for 90 days following the Court's Order granting in part and denying in part the Defendant's Motion for Decertification.

Respectfully Submitted,

By:/s/ Walker R. Lawrence

Walker R. Lawrence
Atty No. 6296405
Maduff & Maduff, LLC
Michigan Plaza At Illinois Center
205 N. Michigan Ave
Suite 2050
Phone: 312-276-9000

**CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that on Tuesday, December 31, 2013, I electronically filed Plaintiffs' Motion To Toll The Statute Of Limitations with the Clerk of the Court by using the CM/ECF System, which will send notice to counsel of record.

Respectfully Submitted,

By:/s/ Walker R. Lawrence

Walker R. Lawrence
Atty No. 6296405
Maduff & Maduff, LLC
Michigan Plaza At Illinois Center
205 N. Michigan Ave
Suite 2050
Phone: 312-276-9000