UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BLAKES, STEVEN CLARK, HERMAN DECKYS, BRADLEY HUNT, PHILLIPE PORTER, ERNEST ROBERTS, JR., LARRY WILLIAMS, for themselves and on behalf of similarly situated others,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS BELL TELEPHONE COMPANY d/b/a AT&T Illinois,<br><br>Defendant. | Case No. 11-cv-336<br><br>Magistrate Judge Kim |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON
PLAINTIFFS' AND OPT-IN PLAINTIFFS' CERTIFIED CLAIMS CONCERNING
POST-SHIFT ELECTRONIC TIMESHEET ENTRY**

Defendant Illinois Bell Telephone Company ("Defendant" or "Illinois Bell"), by and through its attorneys, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and to Rule 56.1 of the general rules of the United States District Court for the Northern District of Illinois, moves this Court to enter an order granting it summary judgment on Plaintiffs' and Opt-ins Plaintiffs' (collectively, "Plaintiffs'") certified claims concerning post-shift electronic timesheet entry. In support of its Motion for Summary Judgment, Defendant submits the accompanying Memorandum of Law and Rule 56.1(a)(3) Statement of Undisputed Material Facts In Support of Its Motion for Summary Judgment on Plaintiffs' Certified Claims Concerning Post-Shift Electronic Timesheet Entry, and further states a follows:

1. On February 11, 2011, the named plaintiffs in this case filed their Amended Complaint against Illinois Bell alleging they were entitled to unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* ("Amended

1

Complaint"). (Dkt. 11).

2. Plaintiffs' Amended Complaint alleged that they were owed unpaid overtime wages for three types of alleged work: (i) working through lunch breaks to preserve safety at job sites; (ii) working through lunch breaks due to driving among multiple sites; and (iii) entering electronic timesheets post-shift because employees must enter their time daily on an insufficient number of computers in Illinois Bell garages. (Dkt. 11, ¶¶ 23-30).

3. On April 22, 2011, Plaintiffs moved for FLSA Section 216(b) conditional certification. (Dkt. 34). On June 15, 2011, this Court granted Plaintiffs' conditional certification motion and authorized notice, in part, on "time spent post-shift completing time sheets." (Dkt. 56, p. 16). On December 17, 2013, the Court decertified all conditionally certified claims *except* "the claim that the plaintiffs are required to complete time sheets post-shift without pay." (Dkt. 233, p. 52).

4. Defendant is entitled to judgment as a matter of law on this claim for several reasons.

5. First, Plaintiffs' alleged time at issue – entering their time and waiting to do so – is not compensable under the FLSA, as amended by the Portal-to-Portal Act of 1947, and Department of Labor regulations.

6. Even if this time were considered "work," summary judgment is appropriate because there can be no dispute that Illinois Bell management lacked actual or constructive knowledge that Plaintiffs class-wide were purportedly violating company policy and not accurately reporting their time.

7. Additionally, Defendant is entitled to summary judgment because Plaintiffs have insufficient class-wide evidence to sustain this claim, as demonstrated by the applicable

electronic time data and record in this case.

8.  Finally, although the Court should grant summary judgment and dismiss the certified class claim in its entirety, insofar as the Court does not do so, Defendant submits that it is evident that whatever claims do remain cannot be addressed on a class basis and therefore should be decertified and dismissed.

WHEREFORE, for the reasons set forth herein and its accompanying Memorandum of Law and Rule 56.1(a)(3) Statement of Undisputed Material Facts, Defendant respectfully requests that the Court enter an order dismissing the certified claim in this case in its entirety and with prejudice, and granting such other and further relief in its favor as the Court deems just and equitable.

Respectfully submitted,

Illinois Bell Telephone Company.

By:  /s/ Gregory P. Abrams
         One of its attorneys

George A. Stohner (*pro hac vice*)
Morgan, Lewis & Bockius LLP
300 South Grant Ave., Twenty-Second Floor
Los Angeles, California  90071-3132
213-612-2500
1111 Pennsylvania Ave., NW
Washington DC 20004
202-739-3000
gstohner@morganlewis.com

Gregory P. Abrams
Rita Srivastava
Morgan, Lewis & Bockius, LLP
77 W. Wacker Drive
Chicago, Illinois 60601
312-324-1000
gabrams@morganlewis.com
rsrivastava@morganlewis.com

**CERTIFICATE OF SERVICE**

There undersigned attorney hereby certifies that on May 9, 2014 a true and correct copy of the foregoing document was served by electronic means through the Court's ECF System to:

Aaron Maduff
Michael Maduff
Walker Lawrence
Maduff & Maduff LLC
205 North Michigan Avenue
Suite 2050
Chicago, IL 60601
312-276-9000
ABMaduff@madufflaw.com
MLmaduff@madufflaw.com
WRLawrence@madufflaw.com

/s/ Gregory P. Abrams

DB2/ 25074815.2